**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5218

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EARL DWIGHT REVELS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:08-cr-00045-NCT-1)

Submitted:  August 20, 2009        Decided:  September 18, 2009

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Michael A. DeFranco, Angela Hewlett Miller,
Assistant United States Attorneys, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Dwight Revels pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to 120 months in prison. Revels timely appealed.

Counsel for Revels filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court properly enhanced his sentence. Revels has filed a pro se supplemental brief essentially raising the same claim. Finding no reversible error, we affirm.

A defendant is subject to a four-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2007) if he "used or possessed any firearm . . . in connection with another felony offense." The purpose of this enhancement is "to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003) (citing former USSG § 2K2.1(b)(5) (2001)). To determine whether the enhancement should apply, the district court must consider whether the defendant committed a separate felony offense and whether the firearm underlying the conviction was possessed "in

2

connection with" the additional felony. Id. at 406-07. This requirement is satisfied if the firearm facilitated or could have facilitated the additional felony. United States v. Jenkins, 566 F.3d 160, 162 (4th Cir. 2009) (citing USSG § 2K2.1 cmt. n.14(A)). The district court's factual findings concerning sentencing factors need only be supported by a preponderance of the evidence. United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009).

The district court properly concluded that the evidence was more than adequate to establish by a preponderance of the evidence that Revels was involved in the separate crime of armed robbery. The victim, who was robbed at gunpoint, provided a description to police that was generally consistent with Revels' appearance, and later identified a photograph of Revels as his assailant. Further, police found Revels the next morning within several blocks of the scene of robbery, driving a vehicle that matched the description of the car in which the assailant fled. Because the district court's findings were not clearly erroneous, the four-level enhancement was properly assessed.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Revels, in writing, of the right to

3

petition the Supreme Court of the United States for further review. If Revels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Revels.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED