**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4076**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TERENCE C. RIDLEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge.  (2:08-cr-00043-RGD-FBS-1)

Submitted:  October 27, 2009          Decided:  June 3, 2010

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Lawrence H. Woodward, Jr., Charles B. Lustig, SHUTTLEWORTH,
RULOFF, SWAIN, HADDAD & MORECOCK, P.C., Virginia Beach,
Virginia, for Appellant.  Dana J. Boente, United States
Attorney, D. Monique Broadnax, Special Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terence C. Ridley was convicted by a jury of possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Ridley was sentenced by the district court to 115 months' imprisonment. He challenges his conviction and sentence on appeal.

Appellate counsel contends that the evidence was insufficient to support Ridley's conviction under § 922(g)(1). We will uphold a defendant's conviction if "there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Reid, 523 F.3d 310, 317 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 663 (2008). "[W]e can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

To prove a violation of 18 U.S.C. § 922(g)(1), the Government must establish that: (1) the defendant was previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed the

firearms and ammunition; and (3) the possession was in or affecting commerce. Id. at 395. Counsel does not challenge elements one and three as Ridley stipulated at trial that he had a prior qualifying felony conviction and that the firearms and ammunition had traveled in interstate commerce.

Instead, counsel focuses his argument entirely on the second element--possession. Section "922(g)(1) does not require proof of actual or exclusive possession; constructive or joint possession is sufficient." United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). "A person has constructive possession over contraband when he has ownership, dominion, or control over the contraband itself or over the premises or vehicle in which it was concealed." United States v. Armstrong, 187 F.3d 392, 396 (4th Cir. 1999).

Here, testimony established that Ridley committed a traffic violation and led law enforcement officers on a lengthy chase prior to stopping. Ridley was the registered owner and sole occupant of the vehicle he was driving. When officers searched Ridley, they discovered that he was wearing a ski mask as a hat and that he was in possession of a suspected narcotic and a significant amount of cash. A bulletproof vest was also found inside the passenger compartment. Moreover, a 9mm semi-automatic pistol and ammunition and a .357 caliber revolver and ammunition were seized from the vehicle's trunk. Ridley

3

informed officers that he had been robbed earlier that evening and that he was on his way to retrieve the cash from his assailants. When considered together, these facts are sufficient to establish that Ridley constructively possessed the firearms and ammunition. Consequently, Ridley's conviction under § 922(g)(1) is proper.

Counsel also contends that the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2007). At sentencing, the district court is initially required to calculate an appropriate advisory Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). The district court "may accept any undisputed portion of the presentence report as a finding of fact," Fed. R. Crim. P. 32(i)(3)(A), and should evaluate the sentencing factors based on the preponderance of the evidence, see United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Llamas, __ F.3d __, 2010 WL 963195, at *4 (4th Cir. March 17, 2010) (No. 09-4045).

Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ."

4

USSG § 2K2.1(b)(6). "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm . . . ." United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003) (citing former USSG § 2K2.1(b)(5) (2001)). "'Another felony offense', for purposes of subsection (b)(6), means any federal, state, or local offense, . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). Moreover, a firearm is used or possessed "in connection with" another felony offense if it "facilitated, or had the potential of facilitating," the offense. Id. cmt. n.14(A).

The district court determined that the enhancement was warranted based on the officer's testimony that Ridley had evinced an intent to "get" the individuals who had robbed him earlier in the evening. When considered with Ridley's prior convictions for assault and murder, the court concluded that Ridley "doesn't stand by while somebody does him wrong." However, because the burden is on the Government to establish by a preponderance of the evidence that a sentencing enhancement should be applied, see United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004), it is a close question whether sufficient

5

proof was offered to show that Ridley was on his way to assault or murder his robbers.

Although the Government contends that the record supports the district court's findings of fact, it alternatively argues that the enhancement is supported by additional facts presented at sentencing, but not considered by the court. For example, the Government maintains that the offense of possession with intent to distribute cocaine base may be inferred from the quantity of drugs involved, the amount of cash seized, and the presence of a bulletproof vest and two firearms. However, because the district court did not adopt this theory as its rationale to support the enhancement, it may not be considered by this court. United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) ("[A]n appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence."); see also Llamas, 2010 WL 963195, at *6 (explaining "adjustment cannot be justified simply because there might be some evidence in the record--not addressed by the sentencing court--supporting the [adjustment]").

The threat that Ridley would "get" his assailants was vague and officers testified that Ridley was visibly intoxicated at the scene and remained so intoxicated that an officer chose not to question Ridley hours later at the police station.

Therefore, considering only those facts relied on by the district court, as we must, we conclude that the court's application of USSG § 2K2.1(b)(6) was not procedurally reasonable.  Llamas, 2010 WL 963195, at *6.

Accordingly, while we affirm Ridley's conviction, we vacate the sentence and remand to the district court for further proceedings.  We, of course, indicate no view as to the appropriate sentence to be imposed upon Ridley, leaving that determination, in the first instance, to the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

7