**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5193**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERENCE C. RIDLEY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge.  (2:08-cr-00043-RGD-FBS-1)

Submitted:  June 10, 2011                Decided:  June 22, 2011

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., Charles Lustig, SHUTTLEWORTH, RULOFF,
SWAIN, HADDAD & MORECOCK, P.C., Virginia Beach, Virginia, for
Appellant.  Neil H. MacBride, United States Attorney, Cameron M.
Rountree, Special Assistant United States Attorney, Norfolk,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Terence C. Ridley of possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and he was sentenced by the district court to 115 months' imprisonment. On appeal, Ridley contended that the evidence was insufficient to support his conviction and that the district court erred in its application of U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(6) (2007). Although we affirmed Ridley's conviction, we concluded that the district court's application of the Sentencing Guidelines was procedurally unreasonable, vacated the sentence, and remanded for further proceedings. United States v. Ridley, 381 F. App'x 247, 249 (4th Cir. 2010) (No. 09-4076). On remand, the district court confirmed the calculations in the Presentence Investigation Report and sentenced Ridley to 110 months' imprisonment. Counsel once again challenges the district court's application of a four-level enhancement under USSG § 2K2.1(b)(6). Finding no error, we affirm.

At sentencing, the district court initially is required to calculate an appropriate advisory Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). The district court "may accept any undisputed portion of the presentence report as a finding of fact[,]" Fed. R. Crim. P. 32(i)(3)(A), and should evaluate the sentencing factors based on the

2

preponderance of the evidence.  See United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008).  When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). The burden is on the government to establish by a preponderance of the evidence that a sentencing enhancement should be applied. See United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010).

Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."  USSG § 2K2.1(b)(6).  "'Another felony offense', for purposes of subsection (b)(6), means any federal, state, or local offense[] . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  USSG § 2K2.1 cmt. n.14(C).  Moreover, a firearm is used or possessed "in connection with" another felony offense if it "facilitated, or had the potential of facilitating," the offense.  Id. cmt. n.14(A); see United States v. Jenkins, 566 F.3d 160, 162-63 (4th Cir. 2009).  "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . application of [the four-level enhancement] is warranted because the presence of the

3

firearm has the potential of facilitating another felony offense . . . ." USSG § 2K2.1 cmt. n.14(B); see Jenkins, 566 F.3d at 163.

The district court determined that the enhancement was warranted because Ridley was "a drug dealer." In making this finding, the court considered the amount of drugs and the cash Ridley possessed. See United States v. Kellam, 568 F.3d 125, 141 (4th Cir. 2009) (inferring intent to distribute from "the quantity of drugs involved and the amount of relevant cash seized"). The court also considered the fact that Ridley likewise possessed loaded weapons and a bulletproof vest and that he was wearing a ski mask on his head. Additionally, the district court found that drug dealers need firearms for protection and that Ridley possessed them in this capacity.

Based on these facts, we conclude that it was not clearly erroneous for the district court to find that Ridley was dealing drugs and that the firearms he possessed had the potential to facilitate that activity. Therefore, the district court did not err in applying the four-level enhancement under USSG § 2K2.1(b)(6).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED