**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4441**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

DWAYNE O. GRANTHAM,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:10-cr-00037-FPS-JES-1)

───────────

Submitted:  October 26, 2011          Decided:  November 1, 2011

───────────

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Randolph J. Bernard, John C. Parr, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Dwayne O. Grantham pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2006). He appeals his fifty-one-month sentence, challenging the district court's imposition of a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2010) for using an unauthorized firearm in the commission of another felony. We affirm.

We review Grantham's sentence using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2008). Grantham alleges a procedural sentencing error, improper calculation of the Guidelines range. Id. The burden is on the Government to establish by a preponderance of the evidence that the district court should apply a sentencing enhancement. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir.), cert. denied, 79 U.S.L.W. 3712 (U.S. Oct. 3, 2011) (No. 10-1473). When reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010).

The Guideline in question, § 2K2.1(b)(6), provides for a four-level enhancement "[i]f the defendant used or possessed any firearm . . . in connection with another felony offense."

2

USSG § 2K2.1(b)(6). "[T]he purpose of Section 2K2.1(b)(6) [is] to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

Our review of the record and briefs on appeal convinces us that the district court did not err in finding USSG § 2K2.1(b)(6) applicable to Grantham's conduct. The district court's finding that Grantham possessed counterfeit crack cocaine with the intent to distribute is not clearly erroneous. See United States v. Layton, 564 F.3d 330, 334 (4th Cir.) (explaining that, in reviewing the district court's application of the Sentencing Guidelines, "[t]he district court's credibility determinations receive great deference" (internal quotation marks omitted)), cert. denied, 130 S. Ct. 290 (2009). Therefore, the district court did not err in its imposition of the four-level enhancement, and the fifty-one-month sentence imposed is reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3