**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4497**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TALBERT NAPOLEON GIBSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00054-TDS-1)

Submitted: November 15, 2011      Decided: December 6, 2011

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Talbert Napoleon Gibson appeals the 115-month sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006). Counsel for Gibson filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in applying a four-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2010). Counsel states, however, that he has found no meritorious grounds for appeal. Gibson filed a pro se motion on appeal for the appointment of new counsel. We deny Gibson's motion and affirm the judgment.

Gibson argues that the court erred in finding that he possessed a firearm in connection with another felony. We review the application of this enhancement for clear error. United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009). A firearm is used or possessed "in connection with" another felony offense if it "facilitated, or had the potential of facilitating," the offense. USSG § 2K2.1 cmt. n.14(A); Jenkins, 566 F.3d at 162-63. "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . application of [the four-level enhancement] is warranted because the presence of the firearm has the potential of

2

facilitating another felony offense . . . ." USSG § 2K2.1 cmt. n.14(B); <u>Jenkins</u>, 566 F.3d at 163.

The Government adduced evidence that Gibson was involved in a controlled purchase of crack cocaine and that a subsequent search of Gibson's residence revealed a marked bill from the controlled drug transaction, crack cocaine, marijuana, and a firearm and ammunition approximately ten feet away from the crack cocaine and marijuana. Based on this evidence, we conclude that the district court did not clearly err in applying a four-level enhancement under USSG § 2K2.1(b)(6).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Nor do we find a persuasive reason to appoint a replacement attorney. Accordingly, we deny Gibson's motion for new appellate counsel and affirm the district court's judgment.

This court requires that counsel inform Gibson, in writing, of the right to petition the Supreme Court of the United States for further review. If Gibson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gibson. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED