**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4955**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

MICHAEL CHAD BOWERS,

              Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00240-TDS-1)

Submitted:  May 31, 2011                    Decided:  June 9, 2011

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Chad Bowers appeals the 327-month sentence imposed following his guilty plea to conspiracy to possess stolen firearms, in violation of 18 U.S.C. § 371 (2006); possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (2006); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006). Counsel for Bowers filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in overruling Bowers' objections to the Presentence Report ("PSR") and whether Bowers received ineffective assistance of counsel. Counsel states, however, that he has found no meritorious grounds for appeal. Bowers filed a pro se supplemental brief. We affirm.

Bowers' objections to the PSR are largely factual in nature. At sentencing, the district court individually addressed and rejected Bowers' objections to the PSR, and adopted the facts in the PSR. This court reviews such factual determinations for clear error. United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009). We have reviewed the district court's rulings as to each of the claims raised and find no clear error.

2

Further, Bowers is not entitled to relief on his claim of ineffective assistance of counsel. We will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Otherwise, such claims are more properly raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Our review convinces us that ineffective assistance does not conclusively appear on the face of this record, and therefore we decline to address this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bowers, in writing, of the right to petition the Supreme Court of the United States for further review. If Bowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowers.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED