**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4264**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MICHAEL CHAD BOWERS,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:09-cr-00240-TDS-1)

———————

Submitted: December 23, 2013      Decided: January 28, 2014

———————

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Michael Chad Bowers pled guilty to conspiracy to possess stolen firearms, in violation of 18 U.S.C. § 371 (2012); possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012); and two counts of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). In the presentence report ("PSR"), the probation officer calculated a base offense level of twenty-six because the offense involved a Norinco SKS 7.62x39 rifle ("the Norinco"), a semiautomatic firearm that is capable of accepting a large capacity magazine, and Bowers had two prior felony convictions for crimes of violence. See U.S. Sentencing Guidelines Manual ("USSG") §§ 2K2.1(a)(1), 2X1.1(a) (2009). Among other objections to the PSR, Bowers objected to the inclusion of the Norinco in his offense conduct.

At Bowers' first sentencing hearing, the district court heard evidence on whether the Norinco was stolen as part of the conspiracy and found "by a preponderance of the evidence that the Norinco was, in fact, an assault rifle that was taken from the break-ins and for which . . . Bowers is accountable." The court overruled all of Bowers' objections to the PSR and sentenced him to 327 months' imprisonment — the top of his advisory Guidelines range.

2

In Bowers' first appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but questioning whether the district court erred by overruling Bowers' objections to the PSR. Bowers also filed a pro se supplemental brief, in which he argued that the Government had not proven that he had possessed the Norinco or that it had been stolen. We affirmed Bowers' convictions and sentence, finding no clear error in the district court's rulings on Bowers' objections to the PSR. United States v. Bowers, 434 F. App'x 267, 267-68 (4th Cir. 2011) (unpublished).

In 2012, Bowers filed a 28 U.S.C. § 2255 (2012) motion to vacate his convictions for possession of firearms by a convicted felon, arguing that his prior North Carolina convictions no longer qualified as felonies pursuant to United States v. Simmons, 649 F.3d 237, 241-47 (4th Cir. 2011) (en banc) (holding that North Carolina conviction is punishable by term of imprisonment exceeding one year only if particular defendant is eligible for such sentence under state's statutory sentencing scheme). The district court granted the motion and scheduled the case for resentencing with respect to the remaining counts — conspiracy to possess stolen firearms and possession of stolen firearms.

3

Prior to the resentencing hearing, the probation officer recalculated Bowers' advisory Guidelines range and established a base offense level of twenty because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine (the Norinco) and Bowers qualified as a prohibited person (a known drug user). See USSG § 2K2.1(a)(4)(B) & cmt. n.3; see also 18 U.S.C. § 922(g)(3) (2012). Bowers again objected to the inclusion of the Norinco in his offense conduct, arguing that there was no conclusive evidence that the Norinco was stolen as part of the conspiracy.

At the resentencing hearing, the district court overruled Bowers' objection to the PSR on two grounds: (1) it had already considered and overruled the objection at the original sentencing hearing; and (2) the preponderance of the evidence presented at the resentencing hearing established that the Norinco was stolen as part of the conspiracy. The court sentenced Bowers to 180 months' imprisonment — the top of his revised advisory Guidelines range. Bowers appeals, arguing that the evidence presented at the resentencing hearing was insufficient to support the district court's conclusion that the Norinco was stolen as part of the conspiracy. We affirm.

The district court considered and rejected Bowers' objection to the inclusion of the Norinco in the offense conduct

at the original sentencing hearing, and we affirmed the district court's ruling on appeal. Bowers, 434 F. App'x at 267-68. Thus, Bowers' objection falls within the "law of the case doctrine." See L.J. v. Wilbon, 633 F.3d 297, 308 (4th Cir. 2011) (explaining doctrine). While a district court is permitted to deviate from the law of the case in limited, exceptional circumstances, see United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (describing exceptions), Bowers identifies no such exception that would permit consideration of the issue in this appeal.

Accordingly, we conclude that the district court's explicit factual finding at the original sentencing hearing that the Norinco was stolen as part of the conspiracy applied at resentencing and Bowers was not entitled to consideration of any additional evidence on the issue. See Aramony, 166 F.3d at 661 (holding that, under law of case doctrine, "once the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal" (internal quotation marks omitted)). Thus, we affirm the district court's judgment on the ground that Bowers' argument on appeal is foreclosed by our prior opinion.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>