PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TIMOTHY LAMONT JENKINS, a/k/a
Big Tim,

*Defendant-Appellant.*

No. 08-4588

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(2:07-cr-01119-DCN-1)

Argued: March 24, 2009

Decided: May 15, 2009

Before WILKINSON, Circuit Judge, Eugene E. SILER, Jr.,
Senior Circuit Judge of the United States Court of Appeals
for the Sixth Circuit, sitting by designation, and
Robert J. CONRAD, Jr., Chief United States District Judge
for the Western District of North Carolina,
sitting by designation.

Affirmed by published opinion. Judge Wilkinson wrote the
opinion, in which Senior Judge Siler and Judge Conrad
joined.

## COUNSEL

**ARGUED:** Ann Briks Walsh, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee. **ON BRIEF:** W. Walter Wilkins, United States Attorney, Columbia, South Carolina, for Appellee.

## OPINION

WILKINSON, Circuit Judge:

The sole issue in this case is whether, for purposes of a four-level sentence enhancement under U.S.S.G. § 2K2.1(b)(6), the defendant's unlawful possession of a firearm was "in connection with" his possession of cocaine base. The district court found that it was, and we affirm.

I.

At 11:45 p.m. on March 21, 2007, the Charleston Police Department received a report that an individual had been firing a weapon near the corner of Johnson Street and Nassau Street in downtown Charleston, South Carolina. Officers went to this location and within fifteen minutes found defendant Timothy Jenkins, who matched the description of the armed individual. The officers tried to interview Jenkins, but he refused and began acting aggressively towards them. They then tried to detain him and, after a short struggle, succeeded in restraining him on the ground. The officers found a Taurus Model 80 revolver between Jenkins's stomach and the ground. The revolver had one spent round and one live round in the chamber. The officers then took Jenkins to Police Headquarters. While they processed him, they found a white rock-like substance between his fingers, later identified as .29 grams of cocaine base.

Jenkins was charged with one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e). He pleaded guilty to the offense without a plea agreement.

The presentence investigation report calculated Jenkins's total offense level as 21 based on the following: a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4), plus four levels under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense (possession of cocaine base), minus three levels under U.S.S.G. § 3E1.1 for acceptance of responsibility. Jenkins had an extensive criminal history, warranting a criminal history category of V. This corresponded to a Guidelines range of 70 to 87 months of imprisonment. Jenkins's only objection to the presentence report was to the application of the four-level enhancement under Section 2K2.1(b)(6).

At the sentencing hearing on May 15, 2008, the court first adopted the undisputed facts in the presentence report and, after hearing from the parties, ruled that the Section 2K2.1(b)(6) enhancement applied. The court sentenced Jenkins to 71 months of imprisonment. He now appeals his sentence.

## II.

## A.

Jenkins claims that the district court erred in applying the four-level enhancement under Section 2K2.1(b)(6). The relevant part of Section 2K2.1(b)(6) provides for an increase of four levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). Jenkins does not dispute two of the necessary elements for the enhancement: he concedes that he possessed a firearm at the same time as he committed "an-

other felony offense" (simple possession of cocaine base).[1] He disputes only the district court's finding that his possession of the revolver was "in connection with" his possession of cocaine base.

According to a 2006 amendment to the Sentencing Guidelines that affirmed our prior practice, a firearm is possessed "in connection with" another offense if the firearm "facilitated, or had the potential of facilitating" the other offense.[2] U.S.S.G. § 2K2.1 cmt. n. 14(A). *See also United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003). This requirement is satisfied if the firearm "ha[d] some purpose or effect" with respect to the other offense, *Blount*, 337 F.3d at 411, including if the firearm "was present for protection or to embolden the actor," *United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000) (interpreting "in relation to" in 18 U.S.C. § 924(c)). *See also United States v. Bullock*, 526 F.3d 312, 317 (6th Cir. 2008) (whether firearm emboldens defendant is a factor for U.S.S.G. § 2K2.1(b)(6)); *United States v. Smith*, 535 F.3d 883, 885-86 (8th Cir. 2008) (whether firearm was present for protection or emboldened defendant are factors); *United States v. Gambino-Zavala*, 539 F.3d 1221, 1230 (10th Cir. 2008) (whether firearm was present for protection is a factor). But the requirement is not satisfied if the firearm was present due to mere "accident or coincidence." *Blount*, 337 F.3d at 411.

---

[1] Because Jenkins's enhancement was premised on his possession of a firearm, his reliance on *Watson v. United States*, 128 S. Ct. 579 (2007), is misplaced. *Watson* addressed only the meaning of the phrase "uses" a firearm in 18 U.S.C. § 924(c). *Id.* at 581.

[2] This interpretation of "in connection with" is a direct quotation of the Supreme Court's interpretation of the phrase "in relation to," 18 U.S.C. § 924(c), in *Smith v. United States*, 508 U.S. 223, 238 (1993). *See* U.S.S.G. Supp. App. C, amdt. 691 (2006). Therefore, when interpreting "in connection with," we continue to treat the phrases as synonymous and to rely on our cases interpreting "in relation to." *See United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003). We also continue to rely on our cases analyzing the pre-2006 version of Section 2K2.1(b)(6), which used identical language and was numbered Section 2K2.1(b)(5).

Here, after adopting the facts in the presentence report, the district court found "on the facts in this case, that the gun has the potential of facilitating the possession of crack cocaine, no matter what the amount." This was a factual determination based on the specific circumstances of this case and, as such, is subject to a clearly erroneous standard of review. *See United States v. Battle*, 499 F.3d 315, 323 (4th Cir. 2007); *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001). Thus, we will not disturb the district court's finding unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007).

## B.

Jenkins tries to turn this whole matter into a question of law. He makes two arguments as to why the district court erred in finding that the revolver "ha[d] the potential of facilitating" his possession of cocaine. First, he suggests that the finding was improper as a matter of law because he possessed only a small amount of drugs for personal use, rather than a larger amount for distribution. This argument implies that the enhancement requires a drug trafficking offense. It requires only "another felony offense," however, and thus a drug possession offense is sufficient to support the enhancement when, as in this case, it constitutes a felony under state law. *See* U.S.S.G. § 2K2.1 cmt. n. 14(C) (defining "another felony offense" as including any state offense "punishable by imprisonment for a term exceeding one year").

Furthermore, it is clear that the possession of a firearm can facilitate a simple drug possession offense. A firearm can embolden the actor to possess the drugs or provide the actor protection for himself and his drugs, which are likely to be personally valuable even in small amounts. As the Eighth Circuit observed in a case of simple possession, "when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facili-

tate the drug offense and dangerously embolden the offender." *United States v. Regans*, 125 F.3d 685, 687 (8th Cir. 1997); *see also United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008) (noting that *Regans* is consistent with the 2006 addition of Application Note 14).

This is not to say that drug trafficking offenses and drug possession offenses are treated the same for purposes of Section 2K2.1(b)(6). In the case of a drug trafficking offense, Application Note 14(B) provides that when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" the firearm necessarily "has the potential of facilitating another felony offense" and thus Section 2K2.1(b)(6) applies. *See* U.S.S.G. § 2K2.1 cmt. n. 14(B). But, in the case of a drug possession offense, the general rule of Application Note 14(A) governs, and therefore the district court must evaluate whether the firearm "facilitated, or had the potential of facilitating" the other offense to determine whether Section 2K2.1(b)(6) applies. *See* U.S.S.G. § 2K2.1 cmt. n. 14(A). *See also United States v. Blankenship*, 552 F.3d 703, 704-05 (8th Cir. 2009) (noting the different standards).

## C.

Jenkins next argues that the district court erred in finding that the revolver "ha[d] the potential of facilitating" his possession of cocaine because the only evidence supporting the court's finding was that he possessed the revolver and the cocaine simultaneously, and, he contends, that evidence was insufficient as a matter of law. Regardless of whether evidence of simultaneous possession alone could support the enhancement, we reject Jenkins's argument because in this case there was other evidence supporting the court's factual finding.

The presentence report shows that Jenkins took the revolver and cocaine onto a public street, near where a gun had recently been fired, close to midnight. This environment sug-

gests that there was a heightened need for protection and that the firearm emboldened Jenkins. *See United States v. Smith*, 535 F.3d 883, 886 (8th Cir. 2008) (noting the importance of "ventur[ing] into public" for a finding that a firearm emboldened the defendant). In addition, Jenkins possessed the revolver on his person and it was loaded, with one round in the chamber. Thus, it was accessible and ready for use, which further suggests that it "was present for protection or to embolden" Jenkins. *Lipford*, 203 F.3d at 266. *See Blount*, 337 F.3d at 410-11 (noting the importance of the accessibility of a firearm for a finding of facilitation).

These facts support the district court's conclusion that the firearm "ha[d] the potential of facilitating" Jenkins's drug possession offense. To say that the only evidence of facilitation in this case was the evidence of simultaneous possession implies that the presence of the firearm was the result of mere "accident or coincidence," *Blount*, 337 F.3d at 411, which certainly was not the case.

## III.

In sum, we affirm the district court's finding that Jenkins's possession of the revolver was "in connection with" his possession of cocaine base. The resulting application of the enhancement to Jenkins fits squarely within the purpose of Section 2K2.1(b)(6) — to punish more severely a defendant who "commits a separate felony offense that is rendered more dangerous by the presence of a firearm." *Blount*, 337 F.3d at 406. The sentence is affirmed.

*AFFIRMED*