**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5312

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

EARL LYNN SNEED,

　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00168-WO-1)

Submitted:  July 29, 2011　　　　　Decided:  August 15, 2011

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles H. Harp, II, CHARLES H. HARP, II, P.C., Lexington, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Earl Lynn Sneed pled guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (2006). He appeals the district court's addition of four levels to his offense level based on his use of a firearm in connection with another felony, animal cruelty under North Carolina law. We affirm.

We review Sneed's sentence using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2008). Sneed alleges a procedural sentencing error, improper calculation of the Guidelines range. Id.

The burden is on the Government to establish by a preponderance of the evidence that the district court should apply a sentencing enhancement. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011), petition for cert. filed, 79 U.S.L.W. 3712 (U.S. June 6, 2011) (No. 10-1473). When reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010).

The Guideline in question, U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) ("USSG") (2010), provides for a four-level enhancement "[i]f the defendant used or possessed any firearm . . . in connection with another felony offense." USSG

2

§ 2K2.1(b)(6). "[T]he purpose of Section 2K2.1(b)(6) [is] to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

Our review of the record and briefs on appeal convinces us that the district court did not err in finding USSG § 2K2.1(b)(6) applicable to Sneed's conduct. The district court's finding that Sneed was not impaired by the medication he had taken when he shot and killed his stepson's dog is not clearly erroneous. Therefore, the district court did not abuse its discretion in applying the four-level enhancement, and the seventy-one month sentence imposed is reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED