**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4751**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

 v.

IVAN CLIFTON POWELL,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00197-NCT-1)

Submitted:  February 23, 2012   Decided:  February 27, 2012

Before MOTZ, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Clifton Powell pled guilty to two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and the district court sentenced him to a within-Guidelines sentence of 137 months' imprisonment. Powell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the district court's application of the four-level enhancement in U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2010). Powell was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

A firearm is possessed "in connection with" another felony offense if it "facilitated, or had the potential of facilitating," the offense. USSG § 2K2.1 cmt. n.14(A); United States v. Jenkins, 566 F.3d 160, 162-63 (4th Cir. 2009). "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . application of [the four-level enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ." USSG § 2K2.1 cmt. n.14(B); Jenkins, 566 F.3d at 163. With these standards in mind, we have reviewed the record and conclude that the district court did not clearly err in applying the enhancement, see Jenkins, 566 F.3d at 163 (stating standard

2

of review), and that the within-Guidelines sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny Powell's motions to substitute counsel and file a second or successive motion for habeas relief. This court requires that counsel inform Powell in writing, of the right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED