**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4415**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARK XAVIER WALLACE, a/k/a Mark Xavier Grinage, II,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge.  (4:10-cr-00116-RBS-DEM-1)

Submitted:  April 26, 2012        Decided:  May 22, 2012

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Howard J. Zlotnick, Assistant United States Attorney, Michelle Sudano, Second Year Law Student, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Xavier Wallace was convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 120 months in prison. (J.A. 278). Wallace now appeals, raising three issues. We affirm.

I

Wallace first claims that the district court erroneously denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. Specifically, he contends that, although three witnesses testified that they saw Wallace holding the firearm, the evidence was insufficient to establish that he possessed the gun.

"We review de novo the district court's ruling on a motion for judgment of acquittal and . . . will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008); see Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Reid, 523 F.3d at 317 (internal quotation marks omitted).

2

"[W]e can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted). "[I]t is the province of the jury to weigh the credibility of competing witnesses." Kansas v. Ventris, 556 U.S. 586, 594 n.* (2009).

"[T]o prove a violation of § 922(g)(1), the government must prove, beyond a reasonable doubt, that: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Wallace stipulated that he was a convicted felon and that the gun in question had traveled in interstate commerce.

Three Newport News police officers testified that on the night of June 4-5, 2010, they were assisting in another matter when they heard eight to ten gunshots coming from a nearby shopping center. Officers Seaborne and Townsend and Sgt. Shull rushed to the scene. They observed Wallace running toward them. Each officer testified that he saw Wallace holding a black handgun; Sgt. Shull recognized the gun as a Glock 19. Wallace initially ignored directions to drop the gun. When Wallace raised his arm as if to shoot, Officer Townsend fired at

3

him.  Wallace then fell to the ground.  Both Officer Seaborne and Sgt. Shull witnessed Wallace move his right arm in a sweeping motion, flinging the gun against a curb.  Once Wallace was subdued, officers recovered the gun, a Glock 19, from the area where Wallace had flung it.

Officers recovered nine 9 mm. shell casings from the parking lot of the shopping center.  A forensic analyst testified with scientific certainty that the shells were fired from the Glock that was recovered.

Each officer testified that he saw Wallace in possession of the gun.  In light of this eyewitness testimony, we hold that evidence of possession was established and that the district court correctly denied the Rule 29 motion.

II

Officer Townsend testified that he fired at Wallace after Wallace raised his gun, pointing it at Townsend, and that Wallace was arrested at the scene.  On cross-examination, defense counsel asked what state offenses Wallace was charged with and what the disposition of those charges was.  The district court sustained the Government's objections to these questions, finding them irrelevant to the federal charge.

Wallace claims that the district court's ruling was erroneous.  He argues that the information sought was intrinsic

4

to the federal offense and tended to show Officer Townsend's bias. We review this evidentiary ruling for abuse of discretion. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). Evidentiary rulings "are subject to harmless error review." Id.; see Fed. R. Crim. P. 52. "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Brooks, 111 F.3d at 371 (internal quotation marks omitted).

Under Fed. R. Evid. 404(b), evidence of other crimes, wrongs, or acts of the defendant is admissible for limited purposes. For Rule 404(b) evidence to be admissible, it must be: "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Rule 404(b) excludes acts extrinsic to the crime charged. United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009). Intrinsic acts, however, are not subject to Rule 404(b)'s restrictions. Id. "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United

5

States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996) (internal quotation marks omitted).

Evidence about state charges against Wallace and the disposition of those charges does not qualify under the case law as evidence intrinsic to the federal offense. Such evidence simply was not "necessary to prove an element of the charged offense."[*] See Hodge, 354 F.3d at 312.

                              III

Finally, Wallace claims that his sentence was improperly enhanced by four levels on the ground that he possessed the firearm in connection with another felony offense. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2010). The Guideline provides for a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "Another felony offense . . . means any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year,

---

[*] Nor was the evidence admissible to expose the alleged bias of Officer Townsend. Nothing in the record suggests the existence of any such bias. Moreover, even if the evidence was improperly excluded on this point, its exclusion constitutes harmless error, given the overwhelming evidence of Wallace's guilt.

regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, cmt. n.14(C). It is irrelevant whether the defendant was charged with or convicted of the separate felony. United States v. Perez, 585 F.3d 880, 886 (5th Cir. 2009). "[T]he purpose of Section 2K2.1(b)(6) [is] to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

At trial, a witness testified that there was an altercation at a nightclub located in the shopping center where the shots were fired. The witness was escorted out of the nightclub. He heard several shots, and one bullet grazed his right leg. He was treated for his wound at a hospital.

Because Wallace did not raise this claim in the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). We discern no such error. Rather, the testimonial and forensic evidence supports the finding that it was Wallace who fired the series of shots outside the nightclub, wounding the witness. This constitutes a felony under Virginia law, which provides:

> If any person willfully discharges or causes to be discharged any firearm in any . . . public business or place or public gathering, and such conduct results in bodily injury to another person, he shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-280(A) (West 2011).  Class 6 felonies are punishable by "imprisonment of not less than one year."  Va. Code Ann. § 18-2.10 (West 2011).

IV

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the  materials before the court and argument would not aid the decisional process.

AFFIRMED

8