**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4107**
_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

MICHAEL BRAD COLLEY,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00172-CCE-1)

_____

Submitted:  August 31, 2012     Decided:  September 6, 2012

_____

Before SHEDD, DAVIS, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Brad Colley pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of seventy-two months' imprisonment. Colley appeals his sentence, contesting the district court's application of a four-level enhancement for possession of a firearm in connection with another felony offense, U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2011). We affirm.

Colley was arrested after an investigation into counterfeiting activities that included a controlled purchase of $20,700 in counterfeit United States currency from him by a confidential informant. At arrest, Colley had $24,000 in counterfeit currency with him. When investigators searched the mobile home where he lived with his wife and three young children, they found equipment for making counterfeit currency in the master bedroom. In the same room, within a few feet of the printers, were four firearms: a 9 mm semiautomatic rifle; a shotgun; a 22 caliber rifle; and a 5.56 caliber, Law Enforcement model rifle, which was loaded with a magazine capable of firing fifteen rounds at a time. Two more magazines capable of firing more than fifteen rounds were near that gun. Also in the same room were three boxes of exploding targets, a bag of ammunition and handgun holsters, a forearm light for an assault rifle, and

2

$930 in counterfeit currency. Colley maintained that the firearms had nothing to do with his counterfeiting operation; however, the district court concluded that the purpose of the firearms was to protect it.

We review a sentence under a deferential abuse of discretion standard, see Gall v. United States, 552 U.S. 38, 46 (2007), which first requires that we review the sentence for significant procedural error, such as improperly calculating the Guidelines range. Id. at 51. Under USSG § 2K2.1(b)(6)(B), a four-level increase in offense level is appropriate "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B); see also United States v. Blount, 337 F.3d 404, 407-10 (4th Cir. 2003).[*] A firearm that is present merely by accident or coincidence does not trigger the enhancement. United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009) (citing Blount, 337 F.3d at 411). A firearm is "used or possessed in connection with another offense if [it] facilitates or has a tendency to facilitate the [other] offense." United States v. Hampton, 628 F.3d 654, 663 (4th Cir. 2010) (quoting Blount, 337 F.3d at 411 (internal quotation marks omitted)). The "requirement is satisfied if the firearm . . . was present for protection or to

_____

[*] Construing former USSG § 2K2.1(b)(5).

3

embolden the actor." United States v. Alvarado Perez, 609 F.3d 609, 613 (4th Cir. 2010) (quoting Blount, 337 F.3d at 411 (internal quotation marks omitted)). The district court's determination that the firearm had the potential to facilitate the other offense is a factual finding reviewed for clear error. Jenkins, 566 F.3d at 163.

Here, the district court found that the number and nature of the firearms indicated that they were present to protect Colley's counterfeit operation and that they were not the type of firearms that would ordinarily be found in a home where small children lived, even if they were present for the protection of the family. The district court concluded that Colley's possession of such heavy-duty firepower had the potential to protect his counterfeit operation and that the firearms were possessed for that reason. We are satisfied that the court's finding was not clearly erroneous.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED