**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4603**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH LEE SERGENT,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:13-cr-00041-1)

_____

Submitted: March 28, 2014        Decided: April 9, 2014

_____

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lee Sergent pleaded guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2012), and was sentenced to concurrent terms of forty-two months' imprisonment. Sergent appeals his sentence, arguing that the district court erred in applying a four-level enhancement for possession of a firearm in connection with another felony offense under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2012). We affirm.

In reviewing the district court's application of a sentencing Guideline, we review its legal conclusions de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). An enhancement under USSG § 2K2.1(b)(6)(B) is appropriate when a firearm or ammunition possessed by a defendant "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). The requirement that the firearm be possessed "in connection with" another felony "is satisfied if the firearm had some purpose or effect with respect to the other offense," such as to protect or embolden the actor. United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted). However, "the requirement

2

is not satisfied if the firearm was present due to mere accident or coincidence." United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009) (internal quotation marks omitted). The Guidelines commentary specifically provides that a defendant possesses a firearm in connection with another felony "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . because the presence of the firearm has the potential of facilitating [the drug-trafficking] felony offense." USSG § 2K2.1 cmt. n.14(B).

On appeal, Sergent argues that his simultaneous possession of the firearm and oxycodone was merely coincidental. Because the record was adequate to support a contrary finding, however, we conclude the district court did not err in imposing the enhancement.

Accordingly, we affirm Sergent's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED