**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4940**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY SHON SINGLETARY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00074-TDS-1)

Submitted:  July 28, 2014              Decided:  August 1, 2014

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Shon Singletary pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to fifty-seven months' imprisonment. Singletary appeals his sentence, arguing that the district court erred in applying a four-level enhancement for possession of a firearm in connection with another felony offense under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2012). We affirm.

In reviewing the district court's application of a Sentencing Guideline, we review its legal conclusions de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). An enhancement under USSG § 2K2.1(b)(6)(B) is appropriate when a firearm possessed by a defendant "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). The requirement that the firearm be possessed "in connection with" another felony "is satisfied if the firearm had some purpose or effect with respect to the other offense," such as to protect or embolden the actor. United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009)

2

(internal quotation marks omitted). The Guidelines commentary specifically provides that a defendant possesses a firearm in connection with another felony "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . because the presence of the firearm has the potential of facilitating [the drug-trafficking] felony offense." USSG § 2K2.1 cmt. n.14(B).

On appeal, Singletary argues that his simultaneous possession of the firearm and the drugs found in his residence was merely coincidental. Because the record was adequate to support a contrary finding, however, we conclude the district court did not err in imposing the enhancement.

Accordingly, we affirm Singletary's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3