**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4107**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANASTACIO CARRENO-ESPINOZA,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00175-TDS-1)

_____

Submitted:  August 29, 2014          Decided:  September 8, 2014

_____

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, T. Nick Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anastacio Carreno-Espinoza appeals from his 65-month sentence imposed pursuant to his guilty plea to possession of firearms by an illegal alien. On appeal, he challenges the district court imposition of a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2012) for possession of the firearms in connection with another felony offense, and asserts that his sentence was substantively unreasonable. We affirm.

In reviewing the district court's application of the Sentencing Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). An enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2012) is appropriate when a firearm possessed by a defendant "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). The purpose of Section 2K2.1(b)(6) is "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

The requirement that the firearm be possessed "in connection with" another felony "is satisfied if the firearm had

2

some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Jenkins, 566 F.3d at 163 (internal quotation marks omitted). The Guidelines commentary specifically provides that a defendant possesses a firearm in connection with another felony "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating [the drug-trafficking] felony offense." USSG § 2K2.1 cmt. n.14(B).

We find that the district court did not err in concluding that the enhancement should apply. The record establishes that two of the firearms were located in the home, were loaded, and were easily accessible. In addition, based on Carreno-Espinoza's conflicting explanations, the hearsay statements of informants, and the items recovered in the search, the Government presented sufficient evidence that Carreno-Espinoza was engaged in drug dealing, including the sale of a large amount of cocaine only the day before from his home. Moreover, the photographs and currency found in the home, and

the surrounding circumstances, showed that Carreno-Espinoza flaunted illegally possessed firearms and proceeds from his drug trafficking, further connecting the firearms to the drugs. The district court correctly noted that firearms have the tendency to facilitate drug sales by offering protection and emboldening drug sales. See USSG § 2K2.1 cmt. n.14(B). Based on the foregoing, the district court properly found sufficient evidence of drug dealing and a sufficient nexus between the firearms and Carreno-Espinoza's drug activities, and there was no error in application of the enhancement.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing for substantive reasonableness, the district court "tak[es] into account the totality of the circumstances." Id. at 51. If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to

4

"pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007); see also United States v. Carter, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point").

On appeal, Carreno-Espinoza argues that his within-Guidelines sentence is substantively unreasonable in light of his limited criminal history, family support, and the fact that he will be deported. However, the district court considered these mitigating factors at sentencing along with the serious nature of the offense, Carreno-Espinoza's relevant conduct, the need for deterrence, and the need to promote respect for the law. Carreno-Espinoza's argument is essentially just a disagreement with the district court's weighing of the statutory factors; he has not shown why the district court's conclusions were unreasonable. Because Carreno-Espinoza has failed to rebut the presumption of reasonableness, we conclude that his sentence is substantively reasonable.

Accordingly, we affirm Carreno-Espinoza's sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED