**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4935**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TRACEY JERMONT BRITE,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Louise W. Flanagan, District Judge. (2:14-cr-00002-FL-1)

———————————

Submitted: June 8, 2015           Decided: July 22, 2015

———————————

Before WILKINSON, DUNCAN, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished opinion. Judge Duncan wrote the opinion in which Judge Wilkinson and Judge Harris joined.

———————————

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Tracey Brite appeals his 87-month sentence for felony possession of a firearm. He argues that because the record does not support the finding that he "used or possessed" a firearm "in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B), the district court erred by applying a four-level sentencing enhancement. We find this argument unavailing, and consequently affirm Brite's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

In June 2011, confidential informants began reporting to officers of the Pasquotank County Sheriff's Office ("PCSO") that Brite was storing and distributing drugs from his home in Elizabeth City, North Carolina. On September 26, 2011, officers of the PCSO and the Beaufort County Sheriff's Office ("BCSO") detained two suspects and seized over one kilogram of cocaine. One of the suspects advised the officers that they purchased the cocaine from Brite. That same day, officers conducted a "knock and talk" at Brite's home, during which, officers reported, Brite admitted to storing and distributing drugs. The officers searched the house and found a loaded .357 caliber revolver, two digital scales, a glass measuring container, and two bottles of creatine monohydrate--a bodybuilding powder the government contends Brite

2

used to cut cocaine for sale. One of the scales and the glass measuring container later tested positive for cocaine residue; the revolver was not tested.

Despite Brite's admissions and the evidence gathered from his house, the officers who searched his house did not arrest or charge him. Instead, according to officer reports, Brite agreed to cooperate, and the officers let him go with instructions on how to contact them. However, when the officers returned to Brite's residence several days later, they discovered that he had moved to Maryland.

By May 20, 2014, Brite returned to Elizabeth City and was arrested for felony possession of the revolver recovered in the September 26, 2011 search of his house. According to reports of the arresting officers and testimony from a special agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") who interviewed Brite, after his arrest, Brite again admitted that he sold drugs, describing himself as a "small-time dealer." J.A. 52. A U.S. Probation Officer prepared a Pre-Sentence Report ("PSR"), which calculated a total offense level of 25, including a four-level enhancement for "possess[ing a] firearm and ammunition in connection with another felony, that offense being the Unlawful Possession with Intent to Distribute a Controlled Substance." J.A. 88 (citing U.S.S.G. § 2K2.1(b)(6)(B)). The PSR calculated a Sentencing Guidelines range of 70 to 87 months.

Brite objected to all references in the PSR that he ever distributed or admitted to distributing controlled substances and to all references to any cooperation agreement. At his detention hearing, Brite admitted to possessing the revolver as a convicted felon, stating that he needed it "for protection," though he denied that it had any connection to drug trafficking activity. J.A. 50-51. Relying on Brite's statement that he needed the revolver "for protection," his self-description as a "drug dealer," his use of the creatine powder as a cutting agent, and the cocaine residue recovered from his house, the district court concluded that Brite distributed drugs and that the revolver was connected to those activities. Accordingly, the court applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) and imposed a sentence of 87 months. Brite timely appealed.

On appeal, Brite contends that evidence of cocaine residue near a firearm alone is insufficient to support a four-level enhancement for possession of a firearm in connection with felony distribution of cocaine. We conclude that the district court did not clearly err in its findings and affirm Brite's sentence.

We review the factual findings underlying a district court's sentencing decision for clear error. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Under the clearly erroneous standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court

4

of appeals may not reverse." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 318 (4th Cir. 2001) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)). "The burden is on the government to prove by a preponderance of the evidence that the sentencing enhancement should be applied." United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013). While the mere possession of a firearm while involved in distributing drugs is not sufficient to support an enhancement under U.S.S.G. § 2K2.1(b)(6)(B), evidence that the firearm was used to protect the drugs or that it "emboldened" the defendant will support the enhancement. United States v. Jenkins, 566 F.3d 160, 162-63 (4th Cir. 2009).

Here, Brite's description of the evidence is misleading. The district court relied on more than the cocaine residue recovered from Brite's house--though it did note that the residue was "compelling." J.A. 61. While Brite contests other elements of the record on which the district court relied--such as his purported self-description as a "drug dealer" and his use of the creatine powder as a cutting agent--a reasonable factfinder, fully crediting police and ATF testimony for the government, could find that Brite distributed cocaine. Similarly, given Brite's statement that he used the revolver "for protection," a reasonable factfinder could find that the revolver emboldened Brite or that he used it to protect his stock of drugs for sale. Even if we

5

held the evidence here to be sufficient to support the opposite conclusions--an analysis we need not and do not undertake-- "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Belk, 269 F.3d at 318 (quoting Anderson, 470 U.S. at 574).

For the foregoing reasons, the sentencing order of the district court is

AFFIRMED.