**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4452**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

LAQUAN MARCELL WILSON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00071-RJC-1)

_____

Submitted: March 14, 2017         Decided: March 16, 2017

_____

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John Parke Davis, Acting Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laquan Marcell Wilson appeals from the 84-month sentence imposed after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Wilson disputes the district court's application of a four-level sentencing enhancement for using or possessing a firearm in connection with other felony offenses—specifically, possession of controlled substances and possession with intent to distribute controlled substances. Finding no error, we affirm.

We review the district court's factual determinations in applying the Sentencing Guidelines for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Where a defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense," a four-level enhancement shall apply. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2015). The "in connection with" element is satisfied "if the firearm facilitated, or had the potential of facilitating" the other offense, or if it "was present for protection or to embolden the actor." United States v. Jenkins, 566 F.3d 160, 162 (4th Cir. 2009); see USSG § 2K2.1 cmt. n.14(A). Where the other felony is a drug trafficking offense, a firearm "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . necessarily has the

2

potential of facilitating another felony offense." Jenkins, 566 F.3d at 163 (internal quotation marks omitted) (citing USSG § 2K2.1 cmt. n.14(B)). This element is not satisfied, however, where the presence of the firearm is "the result of accident or coincidence." United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (internal quotation marks omitted).

Wilson argues that his sentence is procedurally unreasonable because the district court clearly erred in applying USSG § 2K2.1(b)(6)(B). We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). Procedural error includes improperly calculating the Sentencing Guidelines range. Id. Wilson contends that there is no evidence that the firearm was used in connection with the sale of controlled substances, specifically crack cocaine, because the evidence was insufficient to show that he possessed crack cocaine with the intent to distribute it. Based on the record before us, however, we conclude that the district court reasonably inferred that Wilson possessed the firearm in connection with drug trafficking.

Wilson stated that he obtained the firearm for his personal protection. The firearm was on his person, loaded, and ready to fire, and he possessed five plastic baggies containing a total weight of .67 ounces of crack cocaine, six green pills

individually wrapped in plastic baggies, and three marijuana cigarettes weighing .5 grams.  See Jenkins, 566 F.3d at 162-63; USSG § 2K2.1 cmt. n.14(B).

Further, the court was correct that, because of Wilson's criminal history, simple possession would have been treated as a felony.  The court did not err in determining that the firearm emboldened Wilson to commit the offense of possession of the drugs, particularly in a public area.  Therefore, the district court's decision to apply the § 2K2.1(b)(6)(B) enhancement was not clearly erroneous.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED