**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4511**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW F. LASSITER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00367-H-1)

Submitted:  July 31, 2017                                     Decided:  August 25, 2017
Amended:  September 21, 2017

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew F. Lassiter pled guilty, without the benefit of a plea agreement, to possession of marijuana, in violation of 21 U.S.C. § 844(a) (2012), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court imposed a total sentence of 58 months' imprisonment, and Lassiter now appeals. On appeal, he argues that the district court erred in imposing a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2015), and that the sentence imposed is substantively unreasonable. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. "Procedural errors include '. . . improperly calculating[] the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). Only if the sentence is free of "significant procedural error" do we review the substantive reasonableness of the sentence, accounting for "the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 1833 (2016).

We conclude that the district court did not plainly err in imposing the sentencing enhancement.* The Sentencing Guidelines provide for a four-level enhancement if a "defendant . . . used or possessed any firearm . . . in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A defendant possesses a firearm in connection with another offense when "the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. McKenzie-Gude*, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." *United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009) (internal quotation marks omitted). This enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1(b)(6)(B) cmt. n.14(B).

The district court found that Lassiter acknowledged that he trafficked in cocaine and marijuana and was carrying 75.2 grams of marijuana, split into three small bags, and an electronic scale on his person at the time of his arrest. This evidence supports the conclusion that Lassiter was engaged in drug trafficking at the time of his arrest. *See United States v. Robinson*, 627 F.3d 941, 947 (4th Cir. 2010) (noting that digital scales constitute drug paraphernalia); *United States v. Meshack*, 225 F.3d 556, 570 (5th Cir.

---

* Because Lassiter failed to object to the sentencing enhancement below, we review application of the enhancement only for plain error. *United States v. Garcia-Lagunas*, 835 F.3d 479, 492 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 713 (2017).

2000) (concluding that 78.3 grams of marijuana, split into multiple small packages, is "necessarily consistent with distribution"), *amended in part on reh'g*, 244 F.3d 367 (5th Cir. 2001), *overruled on other grounds by United States v. Cotton*, 535 U.S. 625 (2002). Furthermore, because police discovered the loaded firearm under Lassiter's coat in the car that he was driving, "the firearm necessarily 'has the potential of facilitating another felony offense' and thus Section 2K2.1(b)(6) applies." *Jenkins*, 566 F.3d at 163 (quoting USSG § 2K2.1 cmt. n.14(B)).

We also conclude that the district court did not abuse its discretion in imposing a 58-month sentence. In light of Lassiter's history of criminal conduct and recidivism, as well as the circumstances of his crime, the mitigating factors to which he points do not overcome the presumption of reasonableness afforded the district court's within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4