**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4164**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAE HAKEEM CRANDELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00375-FL-1)

Submitted: October 16, 2019                                    Decided: November 5, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trae Hakeem Crandell appeals his sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). On appeal, he argues that his sentence is procedurally unreasonable because the district court clearly erred in finding that he used or possessed a firearm in connection with another felony offense under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). We affirm.

We generally review a challenge to a criminal sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "In evaluating a sentencing court's calculation of the advisory Guidelines range, however, we review 'the district court's factual findings for clear error and legal conclusions de novo.'" *United States v. Walker*, 922 F.3d 239, 253 (4th Cir. 2019) (citation omitted). "'When sentencing courts engage in fact finding, preponderance of the evidence is the appropriate standard of proof.'" *United States v. Slager*, 912 F.3d 224, 233 (4th Cir.) (citation omitted), *cert. denied*, 139 S. Ct. 2679 (2019). We "'will not reverse a lower court's findings of fact simply because we would have decided the case differently.'" *Id.* (citations omitted). "Instead, clear error exists only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citations omitted).

"[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009) (citations omitted). A four-level sentencing enhancement is applied to the offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or

2

transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); *see also United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (citations omitted). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C).

We have reviewed the record and conclude that the district court did not clearly err in finding by a preponderance of the evidence that Crandell used or possessed a firearm in connection with another felony offense pursuant to USSG § 2K2.1(b)(6)(B). On appeal, Crandell contends that the Government did not prove his involvement in another felony offense by a preponderance of the evidence. However, we find no clear error in the district court's finding that it was more likely than not, on the entire evidence, that Crandell was the masked robber with the distinctive firearm in the Cricket Wireless robbery.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3