**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4353**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ROGER CLEMONS, a/k/a Chinaman,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:18-cr-00039-D-1)

Submitted:  July 28, 2021                     Decided:  August 11, 2021

Before MOTZ and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Roger Clemons appeals the 96-month sentence imposed after a jury convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, Clemons argues that the district court erred in finding that he used or possessed a firearm in connection with another felony offense and applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). He also contends that his sentence is substantively unreasonable. We affirm.

In evaluating a district court's calculation of the advisory Sentencing Guidelines range, we review the court's factual findings for clear error and legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). "[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009). A four-level sentencing enhancement is applied to the offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); *see United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term of imprisonment exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). "[I]n the case of a drug trafficking offense," the enhancement applies when "a firearm is found

2

in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1 cmt. n.14(B).

A Guidelines error is harmless—and, thus, does not warrant reversal—if "the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (alterations and internal quotation marks omitted). Here, the court announced that it would impose the same sentence as an alternative variant sentence even if it had miscalculated the Guidelines range. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382-83 (4th Cir. 2014).

As for the second prong of the harmless error inquiry, we review the substantive reasonableness of a sentence by considering "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). We apply "a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

Clemons has not overcome the presumption of reasonableness accorded his within-Guidelines sentence. On appeal, he asks us to weigh the § 3553(a) factors differently than the district court did, which we cannot do. *See United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). The district court considered counsel's arguments, credited

3

all of the points he made, but reasonably found that the § 3553(a) factors called for a sentence of 96 months' imprisonment. Accordingly, even if the district court erred in upholding the enhancement, we conclude that such error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4