**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4113**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

COREY DWAYNE MOODY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:13-cr-00065-F-1)

Submitted:  September 23, 2014        Decided:  October 3, 2014

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Dwayne Moody appeals his 110-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, he challenges the calculation of his Sentencing Guidelines range, arguing that a four-level upward adjustment for possession of the firearm in connection with another felony was improperly applied pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2013). We affirm.

In reviewing the district court's application of the Sentencing Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). An enhancement under USSG § 2K2.1(b)(6)(B) is appropriate when a firearm possessed by a defendant "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). The purpose of Section 2K2.1(b)(6) is "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

The requirement that the firearm be possessed "in connection with" another felony "is satisfied if the firearm had some purpose or effect with respect to the other offense,

2

including if the firearm was present for protection or to embolden the actor." United States v. McKenzie-Gude, 671 F.3d 452, 463-64 (4th Cir. 2011) (internal quotation marks omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Jenkins, 566 F.3d at 163 (internal quotation marks omitted). The Guidelines commentary specifically provides that a defendant possesses a firearm in connection with another felony "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating [the drug-trafficking] felony offense." USSG § 2K2.1 cmt. n.14(B).

Moody argues that the enhancement was improper for several reasons: (1) the marijuana possessed at the time of the search was for personal use, and thus, his drug offense was only a misdemeanor under state law; (2) there was no evidence establishing proximity in time between any prior drug trafficking and the possession of the firearm; and (3) Moody presented a credible explanation for the presence of the gun. We conclude that Moody's arguments are contradicted by the record and that the district court did not err in determining that the enhancement should apply.

First, Moody admitted to selling marijuana, and an officer testified at sentencing to five controlled buys from Moody's residence prior to execution of the search warrant. Further, § 2K2.1 does not require that the defendant be found engaged in drug trafficking at the time the firearm is recovered. Second, the presentence report ("PSR") states that the controlled buys continued until the day before the firearm was seized, and Moody stated that he had obtained the firearm "a few days prior" to the search. As such, there was sufficient evidence of a temporal proximity between possession of the firearm and drug trafficking. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (holding that a defendant intending to challenge the PSR has an affirmative duty to make a showing that the information is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate). Finally, Moody's argument that he obtained the gun for protection against an erratic person in the neighborhood does not render the enhancement erroneous, as a drug trafficker would have a specific and enhanced need for protection. See Jenkins, 566 F.3d at 162.

The record establishes that the firearm was located in the same closet as packaged-for-sale marijuana and was easily accessible. Moody admitted to both possessing the firearm and to selling marijuana out of his residence. The firearm

4

therefore had the tendency to facilitate Moody's drug sales by offering him protection and emboldening him to use his residence for drug trafficking.  See USSG § 2K2.1 cmt. n.14(B).  The district court thus properly found sufficient evidence of drug dealing and a sufficient nexus between the firearm and Moody's drug activities.  Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED