**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4846**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

DELWIN PRIDGEN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:14-cr-00024-BR-1)

Submitted:  September 15, 2015          Decided:  September 29, 2015

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delwin Pridgen appeals the 96-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012). On appeal, Pridgen raises three claims of procedural sentencing error. For the reasons that follow, we affirm.

We review a criminal sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We must first determine whether the district court committed significant procedural error, such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. United States v. Lymas, 781 F.3d 106, 111-12 (4th Cir. 2015).

When considering challenges to the district court's Guidelines calculations, we review factual findings for clear error and legal conclusions de novo. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). However, we review arguments not properly preserved in the district court for plain error. United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (identifying elements of plain error test).

Pridgen first argues that the district court erred in imposing a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2014), for use or possession of a firearm in connection with another felony offense. He argues that the firearms he possessed could not have facilitated the North Carolina offense of felony breaking or entering, because he did not possess the firearms until after he broke into the victim's home. Pridgen did not challenge the enhancement on this basis in the district court, so we review this claim for plain error. See Zayyad, 741 F.3d at 459.

Guideline § 2K2.1(b)(6)(B) provides for a four-level enhancement if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." The enhancement is designed "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

A firearm is possessed "in connection with" another offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). The Guidelines specifically provide that the enhancement is warranted when a defendant, "during the course of a burglary, finds and takes a firearm, even if the defendant did

3

not engage in any other conduct with that firearm during the course of the burglary . . . because the presence of the firearm has the potential of facilitating another felony offense." USSG § 2K2.1 cmt. n.14(B). Pridgen provides no basis for treating the North Carolina offense of felony breaking or entering differently than "burglary" under § 2K2.1 cmt. n.14(B), and we find no meaningful basis for drawing such a distinction. See Taylor v. United States, 495 U.S. 575, 599 (1990) (defining generic burglary); United States v. Carr, 592 F.3d 636, 644 (4th Cir. 2010) (defining North Carolina felonious breaking or entering); State v. Watkins, 720 S.E.2d 844, 850 (N.C. Ct. App. 2012) (noting felony breaking or entering is lesser included offense of burglary). We therefore find no error, plain or otherwise, in the application of this enhancement to Pridgen.

Pridgen also argues that the district court erred in imposing a two-level enhancement for obstruction of justice, pursuant to USSG § 3C1.1. Under that provision, a two-level enhancement is assessed when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and the obstructive conduct related to the offense of conviction, relevant conduct, or "a closely related offense." USSG § 3C1.1.

4

Following his arrest, Pridgen placed several telephone calls to his girlfriend, attempting to establish a false alibi for the underlying break-in, and to convince his girlfriend to claim ownership of jewelry taken during the break-in and dispose of additional jewelry of unknown origin. This conduct related to the investigation of his offense and was substantially analogous to the nonexclusive list of obstructive conduct provided in the Guidelines commentary. See USSG § 3C1.1 cmt. n.4(A), (B); see also USSG § 1B1.3 (defining relevant conduct); USSG § 3C1.1 cmt. n.6 (defining "material"). Accordingly, we find no clear error in the district court's finding that Pridgen obstructed justice, see United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995) (standard of review), and no error in the imposition of the enhancement.

Finally, Pridgen argues that the court gave an inadequate explanation of the sentence imposed, considering only a single § 3553(a) factor. In announcing a sentence, the district court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). This explanation need only provide "some indication" that the court considered the § 3553(a) factors as they apply to the defendant and considered any nonfrivolous arguments raised by the parties at sentencing. United States v.

5

Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The court is "not required to provide a lengthy explanation or robotically tick through § 3553(a)'s every subsection," United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012) (internal quotation marks omitted), nor "issue a comprehensive, detailed opinion," so long as the explanation is adequate to permit "meaningful appellate review," United States v. Allmendinger, 706 F.3d 330, 343 (4th Cir. 2013) (internal quotation marks omitted). "The context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Montes-Pineda, 445 F.3d at 381.

Although the district court's explanation was not lengthy and specifically identified only a single factor—the need to protect the public from Pridgen's future crimes, see 18 U.S.C. § 3553(a)(2)(A)—the court expressly adopted the Government's sentencing arguments and demonstrated consideration of additional sentencing factors as they related to Pridgen. See 18 U.S.C. § 3553(a)(1) (directing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); § 3553(a)(2)(A) (directing court to consider need "to promote respect for the law"). Viewed in context, we conclude the court's explanation provided

6

a reasoned basis for rejecting Pridgen's arguments in mitigation and was adequate to permit meaningful appellate review.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7