**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4406**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRICK ANTWON RUSHING,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:16-cr-00005-JAB-1)

Submitted: February 2, 2017        Decided: February 9, 2017

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Alanna M. Jereb, Third Year Law Student, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Antwon Rushing appeals from the 50-month sentence imposed following his guilty plea for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Rushing disputes the district court's application of a four-level sentencing enhancement for using or possessing a firearm in connection with another felony offense — specifically, felony sale of cocaine. We affirm.

We review the district court's factual determinations in applying the Sentencing Guidelines for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Where a defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense," a four-level enhancement shall apply. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2015). The "in connection with" element is satisfied "if the firearm facilitated, or had the potential of facilitating" the other offense, or if it "was present for protection or to embolden the actor." United States v. Jenkins, 566 F.3d 160, 162 (4th Cir. 2009); see USSG § 2K2.1 cmt. n.14(A). Where the other felony is a drug trafficking offense, a firearm "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . necessarily has the potential of facilitating another felony offense." Jenkins, 566 F.3d at 163 (internal quotation marks omitted) (citing USSG

2

§ 2K2.1 cmt. n.14(B)).  This element is not satisfied, however, where the presence of the firearm is "the result of accident or coincidence."  United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (internal quotation marks omitted).

Rushing contends that there is no evidence that the firearm was used in connection with the sale of cocaine because the firearm was only discovered two days after his last known drug sale, and there is no proof that he possessed the firearm at the residence when drug transactions occurred.  Based on the record before us, however, we conclude that the district court reasonably inferred that Rushing possessed the firearm in connection with drug trafficking.  The gun was recovered in the same room as drug paraphernalia and nearby drug residue, and Rushing admitted that he acquired the gun for personal protection.  See Jenkins, 566 F.3d at 162-63; USSG § 2K2.1 cmt. n.14(B).  Therefore, the district court's decision to apply the § 2K2.1(b)(6)(B) enhancement was not clearly erroneous.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED