**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4472

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER EMANUEL REID,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:15-cr-00090-FDW-DSC-1)

Submitted: March 31, 2017          Decided: April 11, 2017

Before WILKINSON, TRAXLER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Parke Davis, Acting Executive Director, Ann L. Hester, FEDERAL PUBLIC DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Emanuel Reid pled guilty to knowingly and unlawfully possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2012). He appeals from his 51-month sentence, alleging that the district court erred by enhancing his sentence by four-levels under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2015) because he possessed the firearm at issue in connection with another felony. We affirm.

We review any criminal sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 US. 38, 41 (2007). In considering whether a district court properly imposed a Sentencing Guidelines enhancement, we review a district court's factual findings for clear error and its legal determinations de novo. United States v. Chandia, 675 F.3d 329, 337 (4th Cir. 2012). Whether a defendant possessed a firearm in connection with another felony is a factual question we review for clear error. United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009). We will find a court's factual findings clearly erroneous only if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "Where there are

two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 574 (1985).

Here, police entered Reid's home pursuant to a search warrant. Police found Reid there with the firearm and in possession of various items of drug paraphernalia. Reid admitted that he had been dealing cocaine from the home, which was equipped with a surveillance camera, for months.

Reid argues on appeal that the district court erred in applying the § 2K2.1(b)(6)(B) enhancement because no drug trafficking offense was ongoing at the time police entered Reid's home. We hold that the district court's application of the enhancement is not clearly erroneous, and that the underlying evidence fully supports application of the enhancement.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>