**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4470**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSIAH DESHAWN WILLIAMS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:16-cr-00280-H-1)

Submitted: April 19, 2018                         Decided: May 2, 2018

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josiah Deshawn Williams pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Williams to 42 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Williams argues that the district court erred in applying a four-level enhancement under the Sentencing Guidelines for possession of the firearm in connection with another felony offense. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* at 631 (internal quotation marks omitted). The Government must demonstrate the facts underlying a Guidelines enhancement by a preponderance of the evidence. *See United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017); *see also United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014).

Under the Guidelines, a court should increase the offense level by four levels if the defendant possessed the firearm in connection with another felony offense. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). The enhancement applies if the firearm facilitated, or had the potential of facilitating, the other felony offense. USSG § 2K2.1 cmt. n.14(A). This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including to embolden the actor in committing the offense, but is not satisfied if the firearm was present due to mere coincidence. *United*

2

*States v. Jenkins*, 566 F.3d 160, 162-64 (4th Cir. 2009). However "[i]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," application of the enhancement is warranted because the presence of the firearm has the potential of facilitating the drug trafficking offense. USSG § 2K2.1 cmt. n.14(B). Therefore, if the other felony offense is drug trafficking, the court need not find that the firearm facilitated or had the potential to facilitate that offense if it was in close proximity to the drugs. *Jenkins*, 566 F.3d at 163.

Williams contends that it is not clear whether the district court applied the enhancement based on his mere possession of cocaine base or based on drug trafficking. If the former, Williams argues that the Government failed to carry its burden of demonstrating that the firearm had the potential to facilitate the offense of possession. We have thoroughly reviewed the record and conclude that the court clearly based the application of the enhancement on drug trafficking, citing Williams' possession of the firearm in close proximity to the drugs and digital scales in his vehicle. We further conclude that the court did not clearly err in reaching this conclusion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

3