**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4122**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES NELSON DICKINSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-cr-00238-FL-1)

Submitted:  August 31, 2018                              Decided:  September 11, 2018

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Nelson Dickinson appeals the 37-month sentence imposed by the district court following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). Dickinson contends that the district court erroneously applied a four-level Sentencing Guidelines enhancement for possession of a firearm in connection with another felony offense and failed to adequately address his arguments and explain the sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). The Government must show by a preponderance of the evidence that a Guidelines enhancement applies. *United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011).

A defendant who "used or possessed any firearm or ammunition in connection with another felony offense" is subject to a four-level enhancement. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). "Subsection[] (b)(6)(B) . . . appl[ies] if the

firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (citation and internal quotation marks omitted). Moreover, the enhancement applies "in the case of a drug-trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1 cmt. n.14(B).

It is undisputed that, during a traffic stop of Dickinson's vehicle, law enforcement officers found, along with an unloaded firearm and two clips of ammunition, hydrocodone and Xanax pills, marijuana, and a coffee filter containing methamphetamine residue. The back of the vehicle contained propane tanks, lighter fluid, and hoses, which the officers described as items used in the manufacture of methamphetamine. One of the officers who conducted the stop also testified that he had previously seen Dickinson's vehicle at a residence that the officer knew to be a drug house. In light of this evidence, the district court's determination that Dickinson was engaged in manufacturing methamphetamine was not clearly erroneous. Because the firearm was "found in close proximity to drugs, drug-manufacturing materials or drug paraphernalia," the district court did not err by applying the § 2K2.1(b)(6)(B) enhancement.

Dickinson also asserts that the district court did not adequately address his arguments that he should not be sentenced to a term of incarceration because of his physical impairments, good behavior on release, and statements he made to law

3

enforcement officers that led to another individual's arrest for methamphetamine production. After calculating the Guidelines range, the district court must allow the parties to make arguments in favor of a particular sentence and consider those arguments in light of the § 3553(a) factors. *United States v. Blue*, 877 F.3d 513, 517-18 (4th Cir. 2017). The court "must then conduct an individualized assessment of the facts and arguments presented," which requires that the court "consider the defendant's nonfrivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.* at 518 (internal quotation marks omitted). "The adequacy of the sentencing court's explanation depends on the complexity of each case." *Id.*

The district court sufficiently addressed Dickinson's arguments and explained the reasons for the sentence. The court acknowledged that Dickinson had serious medical problems but rejected Dickinson's explanation for the presence of the firearm in his vehicle on the night of his arrest. The court then explained that, in light of the nature and circumstances of the offense, Dickinson's history, and the need to protect the public, it would vary downward from the Guidelines range of 46 to 57 months and impose a 37-month sentence. We conclude that Dickinson's sentence is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4