**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4576**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY PAUL SOUTHER, a/k/a Bradley P. Souther,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:17-cr-00022-RLV-DSC-1)

Submitted: March 29, 2019                                  Decided: April 10, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel P. Roberts, GOODMAN, CARR, LAUGHRUN, LEVINE & GREENE, Charlotte, North Carolina, for Appellant. William T. Stetzer, First Assistant United States Attorney, Dallas J. Kaplan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Paul Souther appeals from the 70-month sentence imposed after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Souther disputes the district court's application of a four-level sentencing enhancement for possessing a firearm in connection with another felony offense—specifically, possession of a controlled substance. Finding no error, we affirm.

We review the district court's factual determinations in applying the Sentencing Guidelines for clear error. *United States v. Strieper*, 666 F.3d 288, 292 (4th Cir. 2012). Where a defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense," a four-level enhancement shall apply. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). The "in connection with" element is satisfied "if the firearm facilitated, or had the potential of facilitating" the other offense, or if it "was present for protection or to embolden the actor." *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009); *see* USSG § 2K2.1 cmt. n.14(A).

Souther argues that his sentence is procedurally unreasonable because the district court clearly erred in applying USSG § 2K2.1(b)(6)(B). We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). Procedural error includes improperly calculating the Sentencing Guidelines range. *Id.* Souther contends that there was insufficient evidence that the firearm was used in connection with the possession of the controlled substances found within his control. Based on the record before us, however, we conclude that the district court reasonably inferred that Souther possessed the firearm in connection with his

2

possession of the controlled substances. The parties do not dispute that, because of Souther's criminal history, simple possession would have been treated as a felony. Although the record on the court's ruling is brief, it may be inferred, based on the court's adoption of the uncontested facts and assumed reading of Souther's reply to the Government's objection, that the court determined that the firearm facilitated the offense of drug possession, particularly in a public area, or was used for protection. Therefore, the district court's decision to apply the § 2K2.1(b)(6)(B) enhancement was not erroneous.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*