**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4615

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KWAME HAKEEM CRAWFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00262-MOC-DSC-1)

Submitted: December 22, 2020                    Decided: January 4, 2021

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kwame Hakeem Crawford appeals the 100-month sentence that the district court imposed following Crawford's guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Crawford contends that the district court erroneously applied a four-level Sentencing Guidelines enhancement for possession of a firearm in connection with another felony offense and a two-level enhancement for reckless endangerment during flight. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). The Government must show by a preponderance of the evidence that a Guidelines enhancement applies. *United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011).

A defendant who "used or possessed any firearm or ammunition in connection with another felony offense" is subject to a four-level enhancement in offense level. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). This enhancement "appl[ies] if

2

the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (citation and internal quotation marks omitted).

The district court found that the Government satisfied its burden of establishing that Crawford discharged a firearm into an occupied vehicle, in violation of N.C. Gen Stat. § 14-34.1(a). Crawford does not contest that he fired shots into an occupied vehicle but asserts that the district court should not have applied the enhancement because Crawford acted in self-defense under North Carolina law. We have reviewed the record and conclude that the district court did not err in rejecting Crawford's assertion of self-defense and concluding that Crawford possessed the firearm in connection with the felony offense of discharging a firearm into an occupied vehicle.

Crawford also contends that the district court improperly applied a two-level enhancement for reckless endangerment. The reckless endangerment Guideline states: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase [the offense level] by [two] levels." USSG § 3C1.2. This "Guideline is based on the risk created by the defendant's conduct and does not require that his conduct actually caused physical harm." *United States v. Dennings*, 922 F.3d 232, 236 (4th Cir. 2019). We conclude that the district court did not err in applying the reckless endangerment enhancement, given that, after police officers witnessed Crawford open fire at an occupied

3

automobile, Crawford fled from the officers while carrying a firearm, ignored the officers' commands to stop, dropped the firearm, picked it up again, and later threw it over a fence in a residential neighborhood. *See id.* at 237.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*