**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4361**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JERRY DOUGLAS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00283-TDS-1)

Submitted:  April 14, 2021                      Decided:  May 13, 2021

Before MOTZ, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Nicole R. DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Douglas, Jr., appeals his jury conviction and the 120-month sentence imposed for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Douglas first asserts that the district court erroneously denied his motion to suppress evidence of a bullet found in his possession and, absent evidence of the bullet, there was insufficient evidence to support his conviction. Douglas also argues that the district court erroneously denied his request for a justification defense jury instruction, and erred when it calculated the offense level used to calculate his Sentencing Guidelines range. Finding no error, we affirm.

In "reviewing a district court's ruling on a motion to suppress, this Court reviews conclusions of law de novo and underlying factual findings for clear error. If, as here, the district court denied the motion to suppress, this Court construes the evidence in the light most favorable to the government." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.), *cert. denied*, 141 S. Ct. 310 (2020) (internal citations, quotation marks, and brackets omitted). We find that law enforcement possessed probable cause to believe that Douglas assaulted a government official and, thus, we discern no error in the district court's decision to deny Douglas' motion to suppress evidence found incident to the lawful arrest. Having discerned no error in the district court's decision to deny the motion to suppress, we reject Douglas' argument that there was insufficient evidence to support his conviction.

We also discern no error in the district court's refusal to instruct the jury regarding the justification defense. "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable

2

jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). "The requirement of a threshold showing on the part of those who assert an affirmative defense to a crime . . . is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses." *United States v. Bailey*, 444 U.S. 394, 416 (1980). Accordingly, "[i]f . . . an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." *Id.*

Declining to give a proposed instruction amounts to reversible error, therefore, "only if [the proposed instruction] (1) was correct, (2) was not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction seriously impaired the defendant's defense." *United States v. Raza*, 876 F.3d 604, 614 (4th Cir. 2017) (internal quotation marks omitted). "We review a district court's decision to give [or not give] a particular jury instruction for abuse of discretion." *United States v. Miltier,* 882 F.3d 81, 89 (4th Cir. 2018).

In order for a defendant to be entitled to a jury instruction on the affirmative defense of justification, the defendant must put forth sufficient evidence that: (1) he "was under unlawful and present threat of death or serious bodily injury;" (2) he "did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;" (3) he "had no reasonable alternative (to both the criminal act and the avoidance of the

3

threatened harm);" and (4) there was a "direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989). As Douglas failed to make a threshold showing of all the elements necessary to establish a justification defense, we discern no error stemming from the district court's refusal to instruct the jury regarding the defense. *See United States v. Mooney*, 497 F.3d 397, 404 (4th Cir. 2007) (construing the affirmative justification defense very narrowly when it comes to felon in possession of firearm cases); *United States v. Gilbert*, 430 F.3d 215, 219 (4th Cir. 2005) (finding that justification defense is applicable in only the rarest of circumstances and that "the scenarios in which a defendant could even colorably assert its applicability are extraordinarily uncommon").

Douglas last assigns error to the district court's calculation of the base offense level attributable to his crime of conviction by arguing that the court erroneously determined that Douglas constructively possessed firearms. Douglas further asserts that the district court erroneously enhanced his offense level: (1) two levels, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(1)(A) (2018), based on the three firearms he argues he did not constructively possess; (2) four levels, pursuant to USSG § 2K2.1(b)(6)(B), based on his possession of ammunition in connection with another felony offense; and (3) six levels, pursuant to USSG § 3A1.2(c)(1), for assaulting a law enforcement officer during his crime of conviction.

In considering Guidelines challenges, we review the district court's legal determinations de novo and its factual findings for clear error. *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019). A factual finding is clearly erroneous when, "although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

We discern no error in the district court's determination that Douglas was in constructive possession of firearms located within the common areas of the residence in which he was found on the evening of his arrest. *See United States v. Hall*, 858 F.3d 254, 259 (4th Cir. 2017) (recognizing that, under the "constructive possession theory," the Government must "prove that Defendant knew of the contraband's presence *and* had the power to exercise dominion and control over it" (internal quotation marks and brackets omitted)). We also discern no error in the district court's decisions to reject Douglas' objections to the remaining offense level enhancements. *See, e.g., United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010) (recognizing that the location or proximity of a seized firearm is relevant to a sentencing court's analysis of whether it was possessed "in connection with" drug activities); *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (recognizing that the "in connection with" requirement of USSG § 2K2.1(b)(6) is met "if the firearm facilitated or had the potential of facilitating the other offense," including it being "present for protection or to embolden the actor" (internal quotation

marks omitted)).  We therefore find no error in the calculation of Douglas' Guidelines range.

Based on the foregoing, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*